[Crim. No. 1112.   Third Appellate District.—March 7, 1930.]

# THE PEOPLE, Respondent, v. ALMA CARRILLO, Appellant.

Curtis Hillyer and James T. Matlock, for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

PLUMMER, J.—By an information filed in the trial court on the fifth day of October, 1929, the appellant was charged with the crime of murder, in that she did, on or about the second day of October, 1929, unlawfully, wilfully and with malice aforethought, kill and murder Rosaleo Carrillo.   Upon

the trial had pursuant to said information the appellant was convicted of the crime of manslaughter. Her motion for new trial having been denied, an appeal was taken to this court.

The record shows that the appellant and the deceased were husband and wife and belonged to a very low stratum of society. It would serve no useful purpose to set forth the testimony at length, and we content ourselves with the statement that the testimony is amply sufficient to support the verdict.

It appears that the deceased and the appellant were living on a small farm, and, while there, had been engaged in unlawfully making wine, and also using the same to a greater or less degree; that on the day of the homicide they had had some controversy over a cask of wine which the deceased, acting apparently under an agreement to discontinue the making of wine and the using thereof, was proceeding to empty, and the appellant, with a saucepan, or some other kitchen utensil, sought to save a portion thereof. It appears that the emptying of the wine was being done at a short distance from the residence of the appellant and the deceased; that upon taking a saucepan of the wine the appellant started toward the residence; that the deceased followed, making some remark to the effect that the appellant would not be allowed to drink the wine, or would not live to drink the wine. The appellant proceeded into the house, followed by the deceased at a short distance. The appellant, after entering the house, seized a loaded gun which was close by the entrance door, and, as the deceased approached, the appellant commanded him to halt. Instead of so doing he advanced toward the appellant, whereupon the appellant shot the deceased, from the effects of which he died within a very short time.

The story of the quarrel preceding the killing, and of the details of the homicide, all rest upon the testimony of the appellant. The record also contains considerable testimony of the past lives of the appellant and the deceased, which we do not need to set out in detail, further than to say it shows the debased character of both the appellant and the deceased. They were both given to the excessive use of intoxicating liquors, and numerous fights between them occurred. The testimony also shows that prior to the mar-

riage of the deceased and the appellant, the appellant had been a woman of "loose" character, and that such practices continued after their marriage.

The chief grounds upon which the appellant seeks reversal are that the district attorney was guilty of improper practices in the asking of questions which necessarily prejudiced the jury against the defendant, and that the court erred in its instructions to the jury. An examination of the record shows that a witness by the name of Norton was asked if he had not had improper relations with the appellant, and answered that he had. No objection was made by the appellant to the introduction of this testimony. While the question appears to be improper as one tending only to degrade the witness, yet, as no objection was urged at the time the question was asked, no motion was made to strike out the testimony, and no request made of the court to instruct the jury to disregard such testimony, we think, in view of what we are about to state, it is too late now to argue that the appellant has suffered any prejudice.

The record shows that when the appellant herself was on the witness-stand, in answer to questions asked by her own counsel, she stated that she had had illicit relations with men since her marriage to the deceased, and that money was paid to the deceased on account thereof. Having voluntarily introduced such testimony, any so-called misconduct on the part of the district attorney in asking improper questions would seem to be entirely waived, or urged upon this appeal as an afterthought.

In its instructions to the jury the court gave the first and second subdivisions of section 197 of the Penal Code, and also section 198 of the same code. It is now urged that the court should have given subdivisions 3 and 4 of section 197. However, a reference to the transcript shows that by the giving of an instruction requested by the defendant, the jury was instructed as follows: "If at the time of the alleged killing, the deceased was advancing toward the defendant in a threatening manner, and had the power to do great bodily harm to her, and she knew this to be the case, and was in fear of great injury to herself, and that the circumstances were such as to lead a reasonable person to believe that she was in danger of great bodily harm or injury at the hands of her husband, then

I instruct you she had the right to protect herself, even to the extent of killing the deceased; and if you believe from the evidence, the state of facts existed which I have just stated, it is your duty to find the defendant not guilty.''

The court also instructed the jury that if they had any reasonable doubt as to the guilt of the defendant, they should find the defendant not guilty, and that the burden of proof was upon the People to establish every fact beyond a reasonable doubt, necessary to show the guilt of the appellant.

A reading of the instructions given by the court to the jury shows conclusively that the instructions covered fully and correctly every issue which the jury was called upon to decide.

There being nothing in the record to justify a reversal, the order and judgment of the trial court are affirmed.

Thompson (R. L.), J., and Finch, P. J., concurred.